# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| THOMAS JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPENCER LAWTON, GREG ) <br> MCCONNELL, LOUISA ABBOT, ) <br> DIANE MCLEOD, and CHATHAM ) <br> COUNTY SUPERIOR COURT, ) <br> ) <br> Defendants. ) | Case No. CV414-228 |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Thomas Johnson, who is proceeding *in forma pauperis* ("IFP"), has filed his third attack upon a 2008 conviction and sentence for, *inter alia*, aggravated child molestation. (Doc. 1.) He initially filed a 28 U.S.C. § 2254 petition on July 15, 2013. *Johnson v. Lee*, No. CV413-176 (S.D. Ga. Aug. 26, 2013). That case was dismissed as both untimely and unexhausted. *Id.* Next, he filed a 28 U.S.C. § 2255 motion in an attempt to "make an end-run" around the prior dismissal. *Johnson v. United States*, No. CV415-072, doc. 9 (S.D. Ga. Mar. 27, 2015). The undersigned recommended that his § 2255 motion be treated as a

successive § 2254 petition and be dismissed. *Id.* (the Report and Recommendation has yet to be adopted). Now Johnson advances a 42 U.S.C. § 1983 complaint seeking a declaratory judgment against defendants for conspiring to stack a grand jury with convicted felons in hopes of indicting him for the criminal charges, then knowingly proceeding with the criminal case under an invalid indictment. (*Id.* at 6-7.)

The Court granted plaintiff's motion to proceed *in forma pauperis* ("IFP") (doc. 3; docs. 4 & 5 (IFP paperwork)), so it now screens his complaint to determine whether he has stated a cognizable claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); *see also* 28 U.S.C. § 1915A (only "cognizable claims" filed by prisoners or other detainees may be allowed to proceed); *see* 42 U.S.C. § 1997e(c)(2). As Johnson's complaint is frivolous, it must be dismissed.

This latest case fails because this Court lacks jurisdiction "over suits that are, in substance, appeals from state court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). And although Johnson has not explicitly asked to be released, it is plainly apparent that this is his end goal. As such, he is advised that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims -- i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release -- are simply not cognizable under § 1983." *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995). His "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Even if his claim somehow survived those hurdles, he has failed to state a § 1983 conspiracy claim. Simply stating that the defendants conspired to impanel a bogus grand jury or that they conspired to prosecute him under trumped up charges is not enough. Rather, it is a

plaintiff's obligation to assert facts showing the elements of conspiracy. This Johnson has failed to do. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) ("To establish a prima facie claim of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants 'reached an understanding to violate his rights.'"), *overruled on other grounds by Whiting v. Traylor,* 85 F.3d 581, 584 n.4 (11th Cir. 1996); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

Johnson's case should be **DISMISSED**. He is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes at $20.83 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's

new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __15th__ day of April, 2015.

>  /s/ G.R. Smith
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA